## UNITED STATES DISTRCIT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.** _____

ARNOLD A. MOLLOT and
MURRAY NADITCH

    Plaintiffs,
vs.

RICK SCOTT, in his official capacity as the Governor of
Florida, PAM BONDI, in her official capacity as the
Attorney General of Florida, and KEN DETZNER, in his
official capacity as the Secretary of State of Florida,

    Defendants,

_____/

### PLAINTIFFS' EMERGENCY MOTION FOR
### DECLARATORY AND/OR INJUNCTIVE RELIEF

COME NOW the Plaintiffs, Arnold A. Mollot and Murray Naditch by undersigned

counsel, and move this Honorable Court to grant a temporary injunction and/or

declaratory relief and as grounds therefor allege:

1.    Plaintiffs incorporate their Complaint in this matter as if fully stated herein.

2.    The Electoral College is scheduled to convene on December 19, 2016. The

Electoral College is governed by Florida Statute 103.021 (hereinafter "The Act").

3.    The Act requires electors to take an oath to vote for the "candidates of the party that

he or she is nominated to represent". In this case, that candidate is Donald Trump.

4.    Florida requires their Presidential Electors to vote consistent with the popular vote in

the state. Thus, despite the provisions of Article II of the U.S. Constitution, as amended

by the Twelfth Amendment, and as intended by the founding fathers who wrote it that the

Presidential Electors investigate and deliberate in order to select a candidate fit to serve

as President, if the Act is enforced, Messrs. Trump and Pence will automatically win the election,  and the electors of Florida will be prohibited from investigating, deliberating and exercising their judgment, all in violation of the First Amendment, Article II of the U.S. Constitution, the Twelfth Amendment, and the 14th Amendment.

5.     As described more fully in the Complaint, which is incorporated herein, the Act's requirement that the electors act like a rubber stamp of the popular vote in the state of Florida, is the antithesis of what the framers of the Constitution had in mind when they conceived of the Electoral College, which they intended to be an investigative and deliberative body. (See affidavit of Robert Watson attached to the Complaint).

6.     Thus, the Act is blatantly unconstitutional, and should not be enforced in regards to one of the most important decisions a citizen and this country can make.

7.     Many electors throughout the country have requested an investigation of the facts and extent of the interference by Russia and its President Vladimir Putin in our election, prior to their vote on December 19, 2016, so that they can carry out their duty to investigate and deliberate which candidate is most fit to become our next President.

8.     As described more fully in the Complaint, Mr. Trump admires Mr. Putin and considers him a better leader than President Obama.  The CIA believes with "high confidence" that the Russians attempted to interfere with our election and further believes that Mr. Putin interfered in order to help elect Donald Trump.

9.     These facts, as well as the other concerns surrounding Mr. Trump, as outlined in the sworn complaint, make it all the more imperative that the Electoral College be permitted to investigate and to deliberate upon such facts prior to casting their vote.

10.     The Electoral College was designed to prevent someone like Donald Trump from becoming the President of the United States.  In the alternative, the Elector College was designed to implement a process to investigate and deliberate about the decision to elect the President of the United States so that any person who is not fit will not be elected.

11.     Plaintiffs, like millions of other Americans, including the vast majority of newspaper editorial boards, many Republicans, and the majority of people in this country who did not vote for him, believe that Donald Trump is unfit for office and the type of person that the founding fathers who crafted the Electoral College warned us about, (See Federalist 68 by Alexander Hamilton who described the purpose of the Electoral College was inter alia to avoid electing a President who only has "[t]alents for low intrigue, and the little art of popularity." *Id.*

12.     Whether this Court agrees with Plaintiffs' assessment of the qualifications of Mr. Trump and the dangers he poses, is not the issue in this case.  The issue in this case is that the Electoral College was designed to be a contemplative, investigatory, and deliberative process, not the rubber stamp which Florida law now requires from its electors.

13.     If the requested relief is not granted, the Plaintiffs' votes will be meaningless and they will be deprived of their rights as Americans and deprived of their rights under the Equal Protection Clause.

14.     If the requested relief is not granted and Florida Statute 103.021 (1) (hereinafter "The Act") is enforced on December 19, 2016 as planned, Plaintiffs and others will suffer irreparable harm due to the loss of fundamental constitutional rights as Americans, i.e. the right to vote and to have their vote count equally to all others as required by the Equal Protection Clause.

15.    If the requested relief is not granted and the Act is enforced on December 19 as scheduled, the United States of America for the first time in its history, may elect a candidate who asked a foreign hostile power to intervene in our election to help him win and received this assistance at a crucial time in the election.

16.    If the requested relief is not granted, this hostile power, Russia, would pose a grave threat to the peace and security of the United States and its allies, after manipulating our election to achieve victory for its preferred candidate, and would also pose a grave threat of continued harm and death to the people of Syria as described in the complaint.

17.    The architects of the Electoral College conceived of this system of electors so that the leader of our country would be determined by *"Men most capable of analyzing the qualities adapted to the station and acting under circumstances favorable to deliberation, and to a judicious combination of all the reasons and inducements which were proper to govern their choice."* (Alexander Hamilton: Federalist 68)

18.    If the requested relief is not granted, then the purpose of the Electoral College will be thwarted and the investigation and deliberation required of our electors according to Article II of the U.S. Constitution and the 12th Amendment will not take place, and the result will be an unconstitutional procedure followed by the Electoral College when it meets on December 19, 2016.

19.    While postponing the vote of the Electoral College may seem like a grave departure from the status quo, and thus this Court may be reluctant to do so, the alternative of having the President of the United States elected in an unconstitutional manner, without permitting the electors to engage in the investigation and deliberation required by the U.S. Constitution as understood by the framers, and the possibility of

permitting a hostile power to interfere in our Presidential election to achieve victory for their preferred candidate would be much worse than delay, and could result in the election of a candidate who is unfit for office, and could cast doubt upon the validity of the office of the Presidency.

**Wherefore, Plaintiffs seek the following relief;**

a)      A declaratory judgment declaring Fla. Stat. 103.021 unconstitutional;

b)      Injunctive relief prohibiting Defendants from enforcing the Act.

c)    In the alternative, it is requested that this Court grant injunctive relief postponing the convening of the Electoral College beyond the date of December 19, 2016 to provide the electors time to investigate the allegations about Russia's improper influence in our elections before they make their decision and/or advising the Defendants that if they move forward with enforcing the Act on December 19, 2016, their decision will be considered null and void because it was made in an unconstitutional fashion.

d)   Injunctive relief requiring the Defendants to select electors proportionally from all parties that received votes in this state and instructing the electors from said party to vote for the candidate they believe is fit to serve as President of the United States, after sufficient investigation and deliberation about their decision.

e)   Any other remedy deemed just and proper by this Court.

Dated December 15, 2016                          Respectfully Submitted,

Barry Silver
FBN 382108
barryboca@aol.com
18624 Cape Sable Drive
Boca Raton, Fl. 33498
Telephone (561) 302-1818
Attorney for the Plaintiffs

<u>**Certificate of Service**</u>

**I hereby certify** that a true and correct copy of the foregoing was served by e-mail

on Pam Bondi at <u>oag.civil.eserve@myfloridalegal.com</u> this December 15, 2016.

_____
Barry Silver  FBN 382108

**SERVICE LIST**

Barry Silver
<u>Barryboca@aol.com</u>
18624 Cape Sable Drive
Boca Raton, Fl. 33498
Telephone (561) 302-1818
Attorney for the Plaintiffs

Pam Bondi
oag.civil.serve@myfloridalegal.com
(850) 414-3300
P.O. Box 10069
Tallahassee, Fl. 32302
Attorney for the Defendants